## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

_____
                                    )
**TROY FRANCIS,**                   )
                                    )
      **Plaintiff,**   )
                                    )
      v.               )    **Civil Action No. 2010-030**
                                    )
**BRIDGESTONE CORPORATION;**        )
**BRIDGESTONE FIRESTONE**           )
**NORTH AMERICAN TIRE, LLC; and**   )
**BRIDGESTONE/FIRESTONE, INC.,**    )
                                    )
      **Defendants.**  )
_____)

**Attorneys:**
**Kenneth Rick Alvis, Esq.,**
Birmingham, AL
**Vincent A. Colianni, II, Esq.,**
St. Croix, U.S.V.I.
    *For the Plaintiff*

**Bernard C. Pattie, Esq.,**
St. Croix, U.S.V.I.
**Joseph C. Weinstein, Esq.**
Cleveland, OH
    *For the Defendant Bridgestone Corporation*

**Colin Paul Smith**
Chicago, IL
**Marc R. Brosseau**
Greenwood Village, CO
**Lee P. Teichner, Esq.**
Miami, FL
**Stacy L. White, Esq.**
St. Croix, U.S.V.I.
    *For the Defendants Bridgestone Firestone North American Tire, LLC and*
    *Bridgestone/Firestone Inc.*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant "Bridgestone Americas' Motion for Final Summary Judgment and Incorporated Memorandum of Law." (Dkt. No. 67). For the reasons described below, and in view of Plaintiff's concessions and lack of opposition, the Court will grant the Motion.

### I. BACKGROUND

Plaintiff Troy Francis filed a Complaint on April 28, 2010 in this strict liability and negligence action. (Compl., Dkt. No. 1).[1] The Complaint alleges that Defendants are liable for injuries that Plaintiff sustained in a car accident on St. Croix, U.S. Virgin Islands. (Compl. ¶¶ 7–23). According to the Complaint, Plaintiff was driving his 2005 Mitsubishi Lancer automobile—equipped with a Bridgestone Potenza tire—on the Melvin Evans Highway on St. Croix on February 9, 2008. (*Id.* at ¶ 7). Plaintiff lost control of the vehicle when the tread on the Potenza tire (the "subject tire") allegedly separated, causing the vehicle to leave the road and overturn. (*Id.*). As a result, Plaintiff alleges that he "suffered severe and permanent injuries during the accident," including: fractures of the neck, ribs and forearm; brain injury; lacerations; and disfigurement. (*Id.* at ¶ 7, 9). Plaintiff brings two causes of action—strict liability and negligence—alleging that Defendants negligently manufactured, engineered, designed, marketed, tested or failed to test, inspected, distributed, and sold the subject tire. (*Id.* at ¶¶ 10–23).

---

[1] All ECF docket number references are to Civil Case No. 1:10–cv–030, unless otherwise specified.

Defendants are related corporate entities, two of which remain relevant for this matter: (1) Bridgestone Corporation ("Bridgestone"), a Japanese corporation with its principal place of business in Tokyo, Japan; and (2) its subsidiary, Bridgestone Americas Tire Operations, LLC ("BATO"), a Delaware corporation.[2]

BATO has filed two separate motions for summary judgment. (Dkt. Nos. 67 and 72). In its first Motion for Summary Judgment, BATO argues that Plaintiff's strict liability and negligence claims must fail because there is no evidence that BATO designed, manufactured, distributed, or sold the subject tire. (*See* Dkt. No. 67 at 1). Plaintiff does not oppose this Motion. (*See* Dkt. No. 79 at 1). BATO's second Motion for Summary Judgment argues that, assuming the Court excludes the expert testimony of Troy Cottles, Plaintiff will have no evidence of causation, and thus the Court should grant summary judgment in favor of BATO. (*See* Dkt. Nos. 72–74).

## II. DISCUSSION

On September 28, 2012, BATO filed its first "Motion for Final Summary Judgment and Incorporated Memorandum of Law," pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. (Dkt. No. 67 at 1). In that Motion, BATO argues that the undisputed evidence shows that BATO "did not design, manufacture, advertise, sell or otherwise distribute the allegedly

---

[2] Plaintiff originally named three Defendants in his Complaint: (1) Bridgestone; (2) Bridgestone Firestone North American Tire, LLC, a Delaware corporation with its principal place of business in Duluth, Georgia; and (3) Bridgestone/Firestone, Inc., an Ohio corporation with its principal place of business in Akron, Ohio. (*Id.* at ¶¶ 1–3). BATO is the successor corporation to Bridgestone/Firestone, Inc. and Bridgestone Firestone North American Tire, LLC. (*See* Affidavit of Yuichi Hashiguchi ¶¶ 7–8, Dkt. No. 9-1; *see also* Dkt. No. 14 at 2). BATO is a subsidiary of Bridgestone Americas, Inc., a Nevada holding company and a wholly-owned subsidiary of Bridgestone. (*See* Dkt. No. 9-1 at ¶ 8).

defective tire, and thus is not liable, and cannot be liable, as a matter of law, for the claims asserted against it in the Complaint." (*Id.* at 1). BATO reasons that because there is no evidence that BATO designed, manufactured, distributed, or sold the subject tire, then there is no genuine issue of material fact, and Plaintiff's strict liability and negligence claims must fail. Plaintiff concedes the issue, agreeing that "there is no evidence that [BATO] sold or distributed the subject tire," and stating that he "does not oppose" BATO's Motion for Summary Judgment. (Dkt. No. 79 at 1).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996). A dispute over a material fact is genuine if "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]he moving party may meet its burden by showing that the nonmoving party has not offered evidence sufficient to establish the existence of an element essential to its case." *Orson, Inc.*, 79 F.3d at 1366.

Here, Plaintiff concedes that "there is no evidence that [BATO] sold or distributed the subject tire," and that "[n]either Bridgestone Corp, the manufacturer of the tire, nor [BATO] sold the subject tire to the store where [Plaintiff] bought it." (Dkt. No. 79 at 1). Therefore, Plaintiff "has not offered evidence sufficient to establish the existence of an element essential" to his strict liability and negligence claims against BATO. *See Orson, Inc.*, 79 F.3d at 1366; *see also* Restatement (Third) of Torts: Products Liability § 1; Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 6 cmt. b.

Given Plaintiff's concession that there is no evidence that BATO sold or distributed the subject tire, and his resulting lack of opposition to BATO's Motion, the Court concludes that there is no genuine dispute as to any material fact. (*See* Dkt. No. 79 at 1). Accordingly, the Court will grant summary judgment in favor of BATO. *See* Fed. R. Civ. P. 56(a); *see also Celotex*, 477 U.S. at 323; *Orson*, 79 F.3d at 1366.

Having found in favor of BATO on its first Motion for Summary Judgment (Dkt. No. 67) with respect to both of Plaintiff's causes of action, the Court will deny BATO's second Motion for Summary Judgment (Dkt. No. 72) as moot.[3]

### III. CONCLUSION

The evidence offered by Defendants—together with Plaintiff's concession that there is no evidence that BATO sold or distributed the subject tire, and his resulting lack of opposition to BATO's Motion—demonstrates that Plaintiff has not introduced evidence sufficient to establish elements essential to his claims for strict liability and negligence against BATO. The Court will therefore grant summary judgment in favor of BATO on those causes of action.

An appropriate Order accompanies this Memorandum Opinion.

Date: September 11, 2013            _____/s/_____
                                    WILMA A. LEWIS
                                    Chief Judge

---

[3] BATO's second Motion for Summary Judgment is "Bridgestone Americas' Motion for Summary Judgment based on Exclusion of Expert Testimony." (Dkt. No. 72). This second Motion was also incorporated by reference into "Bridgestone Corporation's Motion for Summary Judgment." (*See* Dkt. No. 68 at 2). This Memorandum Opinion and Order resolves only the Motions for Summary Judgment filed by Defendant BATO. Defendant Bridgestone Corporation's arguments in favor of summary judgment, as reflected in its motion, will be addressed in a separate opinion.